IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CEDRIC DOUGLAS JOHNSON, #843314, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:10-CV-0445-P |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div., | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* petition for habeas corpus relief submitted by a state prisoner.

Parties:  Petitioner is currently confined within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID).  Respondent is the Director of TDCJ-CID. The court did not issue process in this case pending preliminary screening.

Statement of the Case:  On August 8, 1994, Petitioner pleaded guilty to indecency with a child by contact.  *State v. Johnson*, No. 04-99709 (213th Dist. Court for Tarrant County, Texas). On November 7, 1994, the trial court deferred finding him guilty and placed him on probation for ten years.  *Id.*  On September 4, 1998, after two requests to proceed to adjudication, the trial

court revoked Petitioner's probation, adjudicated him guilty of indecency with a child, and sentenced him to 15 years confinement. (Pet. at 2.) Petitioner appealed and the Second District Court of Appeals affirmed the judgment of conviction. *See State v. Johnson*, No. 02-98-437CR (Tex. App. – Fort Worth Jan. 13, 2000, no pet.). Thereafter, Petitioner unsuccessfully sought habeas relief in state and federal court. *See Johnson v. Cockrell*, No. 4:01cv116-Y (N.D. Tex., Fort Worth Div. Apr. 2, 2002) (Means, J.).

On July 16, 2004, Petitioner was released to mandatory supervision. He remained on parole until June 1, 2009, when his parole was revoked and street time credits were forfeited. Before filing this action, Petitioner sought habeas relief to no avail under art. 11.07, Tex. Code of Crim. Proc. *See Ex parte Johnson*, No. WR-46,082-02 (Tex. Crim. App. Feb. 17, 2010) (writ denied without written order).

In this action, Petitioner challenges the forfeiture of street time credits for the time he spent on parole. He alleges that the 2001 amendments to Texas Government Code §§ 508.149(a) and 508.283 deprive him of a liberty interest in street time credits. He also alleges an *ex post facto* violation contending the new statutory provisions have extended his sentence.

<u>Findings and Conclusions</u>: The present petition is subject to summary dismissal pursuant to Rule 4, of the Rules Governing Section 2254 Proceedings. That Rule provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner correctly notes that in 1993, when he committed indecency with a child, his offense was not excluded from mandatory release consideration. *See* Tex. Code of Crim. Proc.

2

art. 42.18 § 8(a) (West Ann. 1992).  His petition and brief are silent about art. 42.18 § 14(a),

Tex. Code of Crim. Proc., which provided that

> When a person's parole, mandatory supervision, or conditional pardon is revoked, that person may be required to serve the portion remaining of the sentence on which he was released, such portion remaining to be calculated without credit for the time from the date of his release to the date of revocation.

Tex. Code of Crim. Proc. Art. 42.18 § 14(a) (West Ann. 1992).

In 1997, the Texas Legislature enacted Gov't Code §§ 508.149 and 508.283, which repealed by implication art. 42.18.  Section 508.283 provided that "[i]f the parole, mandatory supervision, or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released."  Gov't Code § 508.283(c) (West Ann. 1998).  Section 508.149(a) made ineligible for mandatory supervision an inmate who was "serving a sentence for or ha[d] been previously convicted of" various enumerated offenses.  *See* Gov't Code § 508.149(a) (West Ann. 1998).  In 1999, the Legislature amended this provision to include indecency with a child in the list of enumerated offenses ineligible for mandatory supervision. *See* Gov't Code § 508.149(a) (West Ann. 2000).[1]

In 2001, the Legislature amended § 508.283(c) to authorize credit on an inmate's sentence for time spent on parole or mandatory supervision *if* the inmate is not specifically excluded due to the nature of his current or past offenses, and *if* he has served a significant

---

[1] After the 1999 amendments, § 508.149 read in relevant part as follows:
(a) An inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of . . .

(5) a second degree felony or a third degree felony under Section 21.11, Penal Code; . . . .

Tex. Gov't Code Ann. § 508.149 (West Ann. 2000).

3

amount of street time prior to revocation. *See* Tex. Gov't Code Ann. § 508.283(c) (West Ann. 2002). Thus, since 2001, an inmate is eligible for street time credits for time spent on parole if he can satisfy both prongs in § 508.283(c): (1) at the time the parole revocation warrant is issued, the inmate has spent more time on release than he had left to serve, ***and*** (2) he is not a person "described by § 508.149(a)."

With respect to the second element, § 508.283(b) specifies that a person described in § 508.149(a) is ***not*** entitled to street time credit. It reads in relevant parts as follows:

> If the parole, mandatory supervision, or conditional pardon of *a person described by Section 508.149(a)* is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed ***without credit*** for the time from the date of the person's release to the date of the revocation.

Tex. Gov't Code § 508.283(b) (West Ann. 2002) (emphasis added).

In interpreting the above language, the Texas Court of Criminal Appeals recently held that "[e]ligibility under § 508.283(c) for credit against sentence for time spent on early release is determined by the law in effect on the date the releasee's parole or mandatory supervision was revoked, including the version of § 508.149(a) in effect on the date of revocation," rather than on the date of the releasee's original offense." *Ex parte Hernandez*, 275 S.W.3d 895, 897 (Tex. Crim. App. 2009); *see also Ex parte Johnson*, 273 S.W.3d 340, 342-43 (Tex. Crim. App. 2008) (whether a person, whose mandatory supervision is revoked, is entitled by statute to time credit, against the prison sentence upon revocation of mandatory supervision, for time spent on release pursuant to mandatory supervision, depends, in part, on his status on the date of revocation, i.e., whether at such time he is serving a sentence for or has been previously convicted of an offense which makes him ineligible for mandatory supervision).

Applying § 508.283(b), as interpreted in *Ex parte Hernandez*, the court concludes that at the time of his 2009 parole revocation, Petitioner was a person described in § 508.149(a) because he was serving a sentence for the offense of indecency with a child. His conclusory assertion that the law in effect in 1992, when he committed the offense at issue, governs this case is wholly unsupported and meritless. (*See* Pet's Memorandum at 5).

Since, at the time of his parole revocation, Petitioner was a person described in § 508.149(a), he is not entitled to street time credits on his sentence for the time he spent on parole as set out in § 508.283(c). *See McCarroll v. Thaler*, 2009 WL 3496289, at 4-5 (N.D. Tex. 2009) (O'Connor, J.) (by virtue of his 1983 murder conviction, petitioner was a person described in § 508.149(a) and, thus, was not entitled to street time credits for time spent on parole); *Chapa v. Quarterman*, 2007 WL 2964376, at 4-6 (S.D. Tex. 2007) (by virtue of his 1981 conviction for aggravated assault with a deadly weapon, inmate was a person described in § 508.149(a) and as such was not entitled to street time credit on his sentence for time spent on parole). Having no right under Texas law to have his sentence credited with the time he spent on parole, Petitioner has no liberty interest in such credit and his first claim should be denied.[2]

---

[2] Historically Texas prisoners have had no federal constitutional right to credit for street time spent on parole prior to revocation of the same. *See Thompson v. Cockrell,* 263 F.3d 423, 426 (5th Cir. 2001); *Taylor v. Director*, 2009 WL 2761285, at 4 (E.D. Tex. 2009). In 2001, as previously noted, the Texas Legislature amended the relevant statute to create a protected liberty interest in retention of street time by some prisoners whose parole was revoked after September 1, 2001. *See Ex parte Spann*, 132 S.W.3d 390 (Tex. Crim. App. 2004). In light of the change in the statute and *Spann*, the Fifth Circuit has recognized that there is a possible protected liberty interest in the retention of street time for some prisoners. *Haltom v. Owens*, 294 Fed. Appx. 917 (5th Cir. 2008) (per curiam) (citing *Whitley v. Dretke*, 111 Fed. Appx. 222, 223 (5th Cir. 2004)). However, as explained above, Petitioner does not fall within the category of prisoners with such a liberty interest.

Petitioner's *ex post facto* claim also fails. Insofar as he alleges that TDCJ has increased his sentence, his argument is meritless. To constitute a violation of the *Ex Post Facto* Clause a change in law "must be both retroactive and to a prisoner's detriment." *See Hallmark v. Johnson,* 118 F.3d 1073, 1077-78 (5th Cir. 1997); *see also Lynce v. Mathis,* 519 U.S. 433, 441, 117 S.Ct. 891(1997) (quoted cases omitted) ("To fall within the *ex post facto* prohibition, a law must be retrospective--that is, 'it must apply to events occurring before its enactment'--and it 'must disadvantage the offender affected by it,' by altering the definition of criminal conduct or increasing the punishment for the crime.")

The implementation of Tex. Gov't Code § 508.283(c) has not caused Petitioner to be prosecuted twice for the same offense or to endure "a punishment more severe than that assigned by law when the criminal act occurred. . . ." *Hallmark*, 118 F.3d at 1077 (citing *Weaver v. Graham,* 450 U.S. 24, 30, 101 S.Ct. 960 (1981)). Petitioner alleges the state has added street-time to his sentence. Texas law has long provided that a person is not entitled to credit for "street time" or "flat time" following revocation of his parole or mandatory supervision. *See Jackson v. Johnson*, 2001 WL 1478789, at *3 (N.D. Tex. 2001). Therefore, Petitioner cannot demonstrate an ex post facto violation.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED summarily with prejudice. *See* Rule 4 of the Rules Governing Section § 2254 Proceedings.

Signed this 8th day of April, 2010.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.